ZWEIG v. VAUGHAN MFG. CO. et al.

No. 12823.

Court of Civil Appeals of Texas. Dallas.

Dec. 23, 1939.

Rehearing Denied Jan. 20, 1940.

Emil Corenbleth and Chrestman, Brundidge, Fountain, Elliott & Bateman, all of Dallas, for appellant.

Leo R. Tresp, of Dallas, for appellees.

LOONEY, Justice.

Appellant Zweig sued appellees to recover balance due on a promissory note, and to foreclose the lien of a chattel mortgage on certain factory machinery, tools, fixtures, apparatus, etc., owned and used by appellees in their manufacturing plant operating in the City of Dallas.

Following a general denial, appellees plead payment, and in a cross action, sought cancellation of the note and recovery over against appellant, alleging in substance: (1) That during the year 1936, he agreed to allow appellees a credit of 25 cents per dozen garments manufactured with their factory machinery (then in the hands of one Stockton), and that 29,000 dozen garments were manufactured under the arrangement, entitling appellees to a credit of $7,250; (2) that under a verbal agreement between the parties, appellant was to bid on certain government contracts for the manufacture of uniform trousers, to be manufactured by appellees, appellant agreeing to pay $2.50 per dozen and share equally with appellees all profits derived from the contract, under which appellees alleged that 18,000 garments were manufactured at a net profit, after deducting all costs, of $1,800, entitling appellees to $900; (3) that, under a similar agreement of March 15, 1937, for sharing profits on a government contract, 86,000 dozen garments were manufactured at a net profit of $8,600, entitling appellees to $4,300; (4) and that appellant converted to his own use factory machinery belonging to appellees, of the reasonable value of $7,755; praying recovery of that amount. Therefore, appellees prayed for judgment canceling the note and mortgage, and for judgment over against appellant.

The trial was to a jury. The amount due on the note was fixed by an audit, to which no exception was urged. And, on the issues above set out, the jury found (1) that appellant and appellees entered into a verbal contract on January 1, 1936, with respect to the use of certain machinery which appellees turned over to appellant, under an agreement entitling appellees to 25 cents per dozen on all garments manufactured by its use, and that 24,280 dozen garments were manufactured under said agreement; (2) that, under an agreement of June 1, 1935, appellant and appellees were to divide 50–50 all profits realized from a certain contract, over and above $2.50 per dozen, manufacturing cost and cost of material, and that 18,000 garments were manufactured under said arrangement, from which $1,800 was derived as profit; (3) that under an agreement of March 15, 1937, appellant and appellees were to divide 50–50 all profits realized from a similar contract over and above $3.10 per dozen, manufacturing cost and cost of material, under which 86,000 garments were manufactured at a profit of $8,600; (4) that appellant failed to return to appellees certain manufacturing machinery belonging to them, of the reasonable cash market value at Dallas, Texas, on January 1, 1937, of $3,877.50.

Appellant moved for judgment, notwithstanding the verdict, on the ground that the amount due on the note was not controverted and that, as a matter of law, none of the offsets or counter claims found by the jury were allowable, for the various reasons set out in the motion. Appellees also moved for judgment for $3,300.12, on the answers of the jury to the special issues, in that the offsets and counter claims, as found by the jury, were more than sufficient—by $3,300.12 —to extinguish the amount admittedly due upon the note. On hearing, the court overruled appellant's motion but sustaining that of appellees, accordingly rendered judgment in their favor for $3,300.12, and canceled the note and chattel mortgage.

As just shown, the jury found in favor of appellees in the sum of $6,070, for the manufacture of 24,280 dozen garments, including the use of machinery, at 25 cents per dozen; $900, one-half the profit of $1,800, for the manufacture of 18,000 garments, under a government contract; $4,300, one-half the profit for the manufacture of 86,000 garments, under another government contract, and $3,877.50, the value of machinery alleged to have been converted. The amounts found aggregated $15,147.50, from which the court subtracted $11,847.38, balance due.

on the note, leaving $3,300.12, for which the court rendered judgment in favor of appellees over against appellant.

For reversal, appellant urges the following propositions: (1) that the evidence failed to show the number of garments manufactured, as basis for the finding of $6,070; (2) that the evidence failed to show a profit on the contract of June, 1935, as basis for the finding of $900; (3) that the evidence failed to show a profit under the contract of March, 1937, as basis for the finding of $4,300; (4) that the evidence failed to show a conversion by appellant as alleged, as basis for the finding of $3,877.50; (5) and that, as neither counter claim found by the jury was authorized by evidence, the balance due on the note being undisputed, appellant was entitled to judgment non obstante veredicto, hence the court erred in overruling his motion asking such relief.

It is obvious, we think, that the propositions urged by appellant present simply questions of fact. The evidence is voluminous; the "Q&A" statement alone contains 820 pages, besides a large bundle of original documents brought up with the record. Although the briefs of counsel quote but sparingly from this large statement of facts, we assume they quoted all evidence having any relevancy to the issues submitted, in view of which, we do not feel justified in saying that the findings of the jury are not supported by evidence. Therefore, we adopt the findings as our conclusions of fact on the respective issues, and overrule appellant's propositions and related assignments.

However, since it is undisputed that appellant obtained possession of the machinery lawfully and, under the terms of the chattel mortgage, was entitled to take possession upon default in the payment of the note, in view of this situation, appellant contends that, he could not properly be held liable for conversion, unless and until he had refused to restore the machinery after payment of the note.

It is true, appellant obtained possession of the machinery lawfully, to be employed in manufacturing certain garments, under an arrangement between him and appellees, but it is also true that appellant refused to deliver the machinery to appellees after completion of the contract. Nor did he plead or insist in the court below, except in his motion for a new trial, that he had the right to retain possession of the machinery under the terms of the mortgage, simply denied appellees' allegations with reference to this issue. So, as appellant did not claim the right to retain possession of the machinery under the mortgage, simply denied appellees' allegations on the issue of conversion, and having, after completion of the contract, under which he obtained possession, refused on demand to redeliver the machinery to appellees, we conclude that the evidence justified the finding of the jury, therefore overrule appellant's contention in this respect.

After a careful consideration of all assignments and propositions urged by appellant, and failing to find reversible error, the judgment of the court below is affirmed.

Affirmed.